1  STROOCK & STROOCK & LAVAN LLP
   JULIA B. STRICKLAND (State Bar No. 083013)
2  ANDREW W. MORITZ (State Bar No. 191889)
   A. R. KACHADOORIAN (State Bar No. 240601)
3  2029 Century Park East, Suite 1800
   Los Angeles, California  90067-3086
4  Telephone: 310-556-5800
   Facsimile: 310-556-5959
5  lacalendar@stroock.com

6  Attorneys for Defendants

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11 RONALD B. MCNEARNEY,                )  Case No. 2:06-cv-00576-WBS-PAN (JFM)
                                       )
12         Plaintiff,                  )  **DEFENDANTS' NOTICE OF MOTION
                                       )  AND MOTION TO DISMISS PURSUANT
13         vs.                         )  TO RULE 12(B)(6); MEMORANDUM OF
                                       )  POINTS AND AUTHORITIES IN
14 CITICORP CREDIT SERVICES, INC. dba  )  SUPPORT THEREOF**
   CITIBANK WEST, CITIBANK CARD,       )
15 CITIGROUP and DOES 1-100, inclusive,)  The Hon. William B. Schubb
                                       )
16         Defendants.                 )  Date:      May 15, 2006
                                       )  Time:      1:30 p.m.
17                                     )  Location:  501 I Street, Courtroom 5
                                       )             Sacramento, CA  95814
18                                     )
                                       )
19                                     )  [Appendix of Authorities filed and [Proposed]
                                       )  Order lodged concurrently]
20                                     )

21

22

23

24

25

26

27

28

50320279v1

1  TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:

2      PLEASE TAKE NOTICE that on May 15, 2006, at 1:30 p.m., or as soon thereafter as this matter may be heard before the Honorable William B. Shubb of the above-entitled court located at 501 I Street, Courtroom 5, Sacramento, California, 95814, defendants ("Defendants") will and hereby do move this Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for dismissal of all claims alleged in the Complaint filed by plaintiff Ronald McNearney ("Plaintiff") herein, on the following grounds:

(1)     Plaintiff purports to allege a violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA"), based on allegations that Defendants made inquiries on his credit report without his permission. However, Plaintiff's allegations in the Complaint, which are binding as judicial admissions, establish that he maintains a credit relationship with the Defendants, which, as a matter of law, creates a permissible purpose under 15 U.S.C. § 1681b(a)(3). Plaintiff's FCRA claim is therefore defeated based upon his own allegations, and such claim should be dismissed without leave to amend.

(2)     Plaintiff cannot state a claim for defamation because he fails to allege specifically, or even generally, the supposed defamatory statement(s) made by Defendants. Absent identification of the defamatory words in question, the defamation claim must be dismissed. Furthermore, to the extent the defamation claim is based upon the contention that Defendants allegedly made inquiries on his credit report, such claim fails by Plaintiffs' own admission because his FCRA claim is based on allegations that Defendants did make inquiries on his credit report – true statements cannot support a defamation claim. Finally, to the extent Plaintiff's defamation claim is based on Defendants' furnishing of information to credit reporting agencies, such a claim is barred by express federal preemption under the FCRA.

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

1  This Motion is and will be based upon this Notice of Motion and Motion, the accompanying
2  Memorandum of Points and Authorities, the pleadings and papers on file herein, all other matters
3  of which the Court may take judicial notice and upon such other or further material as may be
4  presented at or before the hearing of this matter.

5  Dated: April 7, 2006

STROOCK & STROOCK & LAVAN LLP
JULIA B. STRICKLAND
ANDREW W. MORITZ
A. R. KACHADOORIAN

By: *A. R. Kachadoorian* (signature)
A. R. Kachadoorian

Attorneys for Defendants

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ........................................................................................................... 1

II. ALLEGATIONS OF THE COMPLAINT ..................................................................... 2

III. ARGUMENT ................................................................................................................... 2

    A. Standard On A Motion To Dismiss ................................................................... 2

    B. Assuming Plaintiff's Allegations To Be True, Plaintiff's FCRA Claim Fails Because The Allegations Establish That Defendants Had A Permissible Purpose To Access Plaintiff's Credit Report ...................................................... 3

    C. Plaintiff Does Not And Cannot Allege A Defamation Claim. ........................... 6

        1. Plaintiff Fails To Allege A False, Defamatory Statement And Thus His Defamation Claim Fails As A Matter Of Law. ....................................... 6

IV. CONCLUSION ................................................................................................................ 9

# TABLE OF AUTHORITIES

## CASES

Advanced Conservation Systems Inc. v. Long Island Lighting Co.,
    934 F. Supp. 53 (E.D.N.Y. 1996) ..................................................................... 5

Baker v. American Express Travel Related Serv., Inc.,
    No. CIV.A. 02-26-JBC, 2002 WL 1205065 (W.D. Ky. May 28, 2002) ........... 5

Chabra v. S. Monterey County Mem'l Hosp., Inc.,
    Civ. No. C 94-20335 EAI, 1994 WL 564566, (N.D. Cal. Oct. 3, 1994) .......... 6

Conkle v. Jeong,
    73 F.3d 909 (9th Cir. 1995) ............................................................................. 8

Des Granges v. Crall,
    27 Cal. App. 313, 149 P. 777 (1915) ............................................................... 6

Draper v. Hellman Commercial Trust & Sav. Bank,
    203 Cal. 26, 263 P. 240 (1928) ........................................................................ 6

Edge v. Professional Claims Bureau, Inc.,
    64 F. Supp. 2d 115 (E.D.N.Y. 1999) ........................................................... 4, 5

Estiverne v. Sak's Fifth Avenue,
    9 F.3d 1171 (5th Cir. 1993) ............................................................................. 4

Francis v. Dun & Bradstreet,
    3 Cal. App. 4th 535, 4 Cal. Rptr. 2d 361 (1992) ............................................. 7

Franklin v. Dynamic Details, Inc.,
    116 Cal. App. 4th 375, 10 Cal. Rptr. 3d 429 (2004) ....................................... 8

Gorman v. Wolpoff & Abramson, LLP,
    370 F. Supp. 2d 1005 (N.D. Cal. 2005) ........................................................... 8

Gregory v. McDonnell Douglas Corp.,
    17 Cal. 3d 596, 131 Cal. Rptr. 641 (1976) ...................................................... 7

Hasbun v. County of Los Angeles,
    323 F.3d 801 (9th Cir. 2003) ........................................................................... 5

Hasvold v. First USA Bank, N.A.,
    194 F. Supp. 2d 1228 (D. Wyo. 2002) ............................................................ 8

Howard v. Blue Ridge Bank,
    371 F. Supp. 2d 1139 (N.D. Cal. 2005) ........................................................... 8

Kacludis v. GTE Sprint Communications Corp.,
    806 F. Supp. 866 (N.D. Cal. 1992) .................................................................. 3

Kahn v. Bower,
    232 Cal. App. 3d 1599, 284 Cal. Rptr. 244 (1991) ......................................... 6

50320279v1                              - ii -
                            DEFENDANTS' MOTION TO DISMISS

Kennedy v. Victoria's Secret Stores, Inc.,
    No. Civ.A. 03-2691, 2004 WL 2186613 (E.D. La. Sept. 29, 2004)................5

Letter Carriers v. Austin,
    418 U.S. 264, 94 S. Ct. 2770, 41 L. Ed. 2d 745 (1974) .............................8

Lin v. Universal Card Services Corp.,
    238 F. Supp. 2d 1147 (N.D. Cal. 2002)..........................................8

Live Oak Publ'g Co. v. Cohagan,
    234 Cal. App. 3d 1277, 286 Cal. Rptr. 198 (1991)................................8

Lyon Furniture Mercantile Agency v. Carrier,
    259 F.2d 106 (9th Cir. 1958).....................................................7

Marzluff v. Verizon Wireless,
    151 Ohio App. 3d 733, 785 N.E.2d 805 (Ohio Ct. App. 2003).....................5

Melaleuca, Inc. v. Clark,
    66 Cal. App. 4th 1344, 78 Cal. Rptr. 2d 627 (1998) ...............................7

Minter v. AAA Cook County Consolidation, Inc.,
    No. 02 C 8698, 2004 WL 1630781 (N.D. Ill. 2004) ...............................4

Monterey Plaza Hotel v. Hotel Employees & Restaurant Employees Local 483,
    69 Cal. App. 4th 1057, 82 Cal. Rptr. 2d 10 (1999) .............................7, 8

Moore v. Greene,
    431 F.2d 584 (9th Cir. 1970).....................................................7

Murray v. Lawrence,
    613 F. Supp. 1276 (N.D. Cal. 1985)...............................................7

North Star International v. Arizona Corp. Commission,
    720 F.2d 578 (9th Cir. 1983).....................................................2

O'Connor v. McGraw-Hill, Inc.,
    159 Cal. App. 3d 478, 206 Cal. Rptr. 33 (1984) ...................................7

Palm Springs Tennis Club v. Rangel,
    73 Cal. App. 4th 1, 86 Cal. Rptr. 2d 73 (1999) .................................6, 7

Parks Sch. of Bus. v. Symington,
    51 F.3d 1480 (9th Cir. 1995).....................................................3

Phillips v. Grendahl,
    312 F.3d 357 (8th Cir. 2002).....................................................4

Pulver v. Avco Financial Services,
    182 Cal. App. 3d 622, 227 Cal. Rptr. 491 (1986) ..................................7

Riley v. General Motors Acceptance Corp.,
    226 F. Supp. 2d 1316 (S.D. Ala. 2002 )..........................................8

Robertson v. Dean Witter Reynolds, Inc.,
    749 F.2d 530 (9th Cir. 1984).....................................................3

Roe III v. Unocal Corp.,
    70 F. Supp. 2d 1073 (C.D. Cal. 1999) ........................................................................... 3

Scharpf v. AIG Marketing, Inc.,
    242 F. Supp. 2d 455 (W.D. Ky. 2003) ........................................................................... 5

Silicon Knights, Inc. v. Crystal Dynamics, Inc.,
    983 F. Supp. 1303 (N.D. Cal. 1997) .............................................................................. 6

Smith v. Maldonado,
    72 Cal. App. 4th 637, 85 Cal. Rptr. 2d 397 (1999) ....................................................... 6

Stern v. Credit Bureau of Milwaukee,
    105 Wis. 2d 647, 315 N.W.2d 511 (Wis. Ct. App. 1981) ............................................. 7

Transphase System, Inc. v. S. Cal. Edison Co.,
    839 F. Supp. 711 (C.D. Cal. 1993) ................................................................................ 3

Trikas v. Universal Card Services Corp.,
    351 F. Supp. 2d 37 (E.D.N.Y. 2005) ............................................................................. 4

Western Mining Council v. Watt,
    643 F.2d 618 (9th Cir. 1981) ......................................................................................... 3

Williams v. AT & T Wireless Services, Inc.,
    5 F. Supp. 2d 1142 (W.D. Wash. 1998) ........................................................................ 4

Wilson v. C & R Distributing, Inc.,
    No. EP-01-CA-0091-DB, 2002 WL 1492212 (W.D. Tex. Apr. 12, 2002) ................... 4

Wright v. Southern Mono Hospital District,
    631 F. Supp. 1294 (E.D. Cal. 1986) .............................................................................. 8

## STATUTES

Cal. Civ. Code § 45 ................................................................................................................. 6

Cal. Civ. Code § 46 ................................................................................................................. 6

Cal. Civ. Code § 1785 ............................................................................................................. 9

15 U.S.C. § 1681 ..................................................................................................................... 1

15 U.S.C. § 1681b ............................................................................................................ 1, 3, 4

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Although the Complaint filed by Ronald McNearney ("Plaintiff") does not set forth separate counts or causes of action, it does appear to include two claims: (1) a purported violation of the Fair Credit Reporting Act, 15 U.S.C § 1681, et seq. ("FCRA"), based on allegations that Defendants made an inquiry on Plaintiff's credit report without a permissible purpose; and (2) a defamation claim, which improperly fails to identify a specific defamatory statement, but also appears to be based on the allegation that Defendants accessed Plaintiff's credit report without his permission. Neither of these claims states a valid cause of action.

Plaintiff's FCRA claim fails as a matter of law because Plaintiff himself alleges facts that defeat the claim. Plaintiff alleges that he maintained a credit line with Defendants and that, in connection with a credit line increase that Plaintiff requested, Defendants accessed his credit report without his permission. The FCRA, however, clearly authorizes a party to obtain a consumer's credit report for a "permissible purpose," as set forth in 15 U.S.C. § 1681b(a)(3), which includes an ongoing or contemplated credit transaction. Because Plaintiff admits in his Complaint that a credit relationship existed between the parties, he cannot then allege that Defendants had no permissible purpose. Thus, Plaintiff's FCRA claim must be dismissed without leave to amend.

Plaintiff fails to plead facts sufficient to state a claim for defamation. Plaintiff does not specifically allege the purported defamatory statement that supports his claim, which clearly is a required element. Furthermore, to the extent the defamation claim is based upon the contention that Defendants allegedly made inquiries on his credit report, such claim fails by Plaintiff's own admission because his FCRA claim is based on allegations that Defendants did make inquiries on his credit report – true statements cannot support a defamation claim. There is simply nothing defamatory about the fact that Defendants allegedly accessed Plaintiff's credit reports with a permissible purpose. In any event, to the extent that Plaintiff's defamation claim rests on Defendants allegedly inaccurate furnishing of credit information to consumer reporting agencies, the FCRA preempts such claim.

The allegations of the Complaint do not sufficiently allege any cognizable claim and, therefore, the instant Motion should be granted in its entirety and the Complaint dismissed without leave to amend.

## II. ALLEGATIONS OF THE COMPLAINT

Plaintiff's allegations appear to boil down to two contentions: that Defendants purportedly accessed his credit report without permission (allegedly a violation of the FCRA); and that Defendants somehow defamed him because the allegedly impermissible inquiry appeared on Plaintiff's credit report. (See Compl. ¶¶ 3, 4, 6, 7, 10, 11, 12, 13.) Specifically, Plaintiff asserts "Defendants, ... willfully violated provisions of the FCRA by illegally accessing plaintiff's credit report and causing an unauthorized inquiry to listed. [sic]" (Compl. ¶ 10.)

Critically, Plaintiff confirms in the Complaint that he maintains one or more credit accounts with Defendants. (See Compl. ¶¶ 6, 7.) Indeed, Plaintiff expressly alleges that he "contacted defendants and each of them to request an 'automatic' credit limit increase." (Compl. ¶ 6) Notwithstanding his request for additional credit on an existing credit account, Plaintiff claims that he did not grant Defendants permission to access his credit report and that Defendants somehow improperly accessed Plaintiff's credit report. Id.

Plaintiff does not allege any particular defamatory statement, as is required to state a claim for defamation (see below), but appears to contend that the credit inquiry made by Defendants, and listed on his credit report, constitutes libel. (See Compl. ¶¶ 3, 4, 12, 13.) Although Plaintiff repeatedly characterizes the alleged reporting of Defendants' credit inquiry as "false" and "erroneous" (Compl. ¶ 4, 12, 13), his FCRA claim is based on allegations that Defendants actually did make an inquiry on his credit report. Thus, unless Plaintiff is lying about the inquiry in the first place, the existence of the inquiry is not a false statement. In short, the factual bases supporting Plaintiff's claims are irredeemably inconsistent and render the Complaint defective.

## III. ARGUMENT

### A. Standard On A Motion To Dismiss

A motion to dismiss for failure to state a claim tests the complaint's legal sufficiency. Fed. R. Civ. P. 12(b)(6); North Star Int'l v. Arizona Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983);

Roe III v. Unocal Corp., 70 F. Supp. 2d 1073, 1075 (C.D. Cal. 1999). "A complaint may be dismissed as a matter of law for one of two reasons: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal claim." Kacludis v. GTE Sprint Communications Corp., 806 F. Supp. 866, 870 (N.D. Cal. 1992) (quoting Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984). The court must take as true all allegations of material fact, in the light most favorable to the non-moving party. Parks Sch. of Bus. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, a court need not necessarily "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981); Transphase Sys., Inc. v. S. Cal. Edison Co., 839 F. Supp. 711, 718 (C.D. Cal. 1993) (the Court does not "need to accept as true conclusory allegations ... or unreasonable inferences").

**B.  Assuming Plaintiff's Allegations To Be True, Plaintiff's FCRA Claim Fails Because The Allegations Establish That Defendants Had A Permissible Purpose To Access Plaintiff's Credit Report.**

Based on Plaintiff's allegations in the Complaint, Defendants plainly possessed a permissible purpose for allegedly accessing Plaintiff's credit report. Thus, no FCRA violation could, or did, occur. The FCRA expressly authorizes that "any consumer reporting agency may furnish a credit report" for an enumerated permissible purpose including, among others:

> (3) To a person which it has reason to believe –
>
> (A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer....
>
> (F) otherwise has a legitimate business need for the information –
>
> > (i) in connection with a business transaction that is initiated by the consumer; or
> >
> > (ii) to review an account to determine whether the consumer continues to meet the terms of the account.

15 U.S.C. §§ 1681b(a)(3)(A) and (F).

As established by the Complaint, Defendants possessed a permissible purpose to access Plaintiff's credit report and "existence of this permissible purpose constitutes a complete defense" to Plaintiff's FCRA claim. Edge v. Professional Claims Bureau, Inc., 64 F. Supp. 2d 115, 117-18 (E.D.N.Y. 1999) (the "issue of whether a report has been obtained for a permissible purpose presents a question of law"). Plaintiff alleges that, on December 9, 2004, he contacted Defendants to request an increase in his credit line, and that Defendants' purportedly accessed Plaintiff's credit report in connection with the alleged extension of credit. (Compl. ¶ 6.) Assuming Plaintiff's allegations to be true, Defendants' alleged inquiry and use of his credit report falls squarely within the permissible purposes that the FCRA authorizes. See 15 U.S.C. § 1681b(a)(3); see also Williams v. AT & T Wireless Services, Inc., 5 F. Supp. 2d 1142, 1151-52 (W.D. Wash. 1998) (legitimate business purpose justified obtaining credit report); Wilson v. C & R Distributing, Inc., No. EP-01-CA-0091-DB, 2002 WL 1492212, at *3 (W.D. Tex. Apr. 12, 2002) (same); Estiverne v. Sak's Fifth Avenue, 9 F.3d 1171, 1173 (5th Cir. 1993) (same); Phillips v. Grendahl, 312 F.3d 357, 368 (8th Cir. 2002) (no permissible purpose where no business transaction pending with consumer); Minter v. AAA Cook County Consolidation, Inc., No. 02 C 8698, 2004 WL 1630781, at *5 (N.D. Ill. July 19, 2004) (contractual obligation to timely pay plaintiff's creditors constituted business transaction such that, when sued for breach of contract, defendant obtained credit report with permissible purpose). Accessing Plaintiff's credit report for the alleged purpose of extending Plaintiff additional credit is indisputably permissible under the FCRA, and Plaintiff's claim is thus without merit.

Defendants possessed the unquestionable right to access Plaintiff's credit report regardless of whether Plaintiff requested the credit limit increase. Plaintiff nowhere alleges that he lacked a relationship with Defendants what would entitle them to review his account. To the contrary, Plaintiff expressly alleges that he maintained a credit relationship with Defendants. (See Compl. ¶¶ 6, 7.) The FCRA, by its plain language, authorizes a credit report to be issued for the purpose of reviewing a credit account. See 15 U.S.C. §§ 1681b(a)(3)(A) and (F)(2); Trikas v. Universal Card Servs. Corp., 351 F. Supp. 2d 37, 42 (E.D.N.Y. 2005) (bank's periodically requesting consumer's credit report to review consumer's credit card account constituted permissible purpose under the

FCRA); <u>Kennedy v. Victoria's Secret Stores, Inc.</u>, No. Civ.A. 03-2691, 2004 WL 2186613, at *3 (E.D. La. Sept. 29, 2004) (credit report "obtained for the purposes of using the information to extend credit or to review or collect on an account" constituted permissible purpose under the FCRA); <u>Baker v. American Express Travel Related Serv., Inc.</u>, No. CIV.A. 02-26-JBC, 2002 WL 1205065, at *2 (W.D. Ky. May 28, 2002) (by extending credit to plaintiff, credit card issuer possessed permissible purpose to obtain plaintiff's credit report); <u>Advanced Conservation Systems Inc. v. Long Island Lighting Co.</u>, 934 F. Supp. 53, 55 (E.D.N.Y. 1996) (permissible purpose existed where company needed to assess applicant's creditworthiness for inclusion in business directory); <u>Hasbun v. County of Los Angeles</u>, 323 F.3d 801, 805 (9th Cir. 2003) (agency attempting to enforce court-ordered child support possessed permissible purpose to obtain debtor's credit report). As Plaintiff alleges, he maintained a relationship with, and even sought additional credit from, Defendants. Thus, obtaining Plaintiff's credit report was plainly permissible under the FCRA.

Moreover, Plaintiff's assertion that he did not give permission for his credit report to be accessed is unavailing. When a creditor is authorized to obtain a credit report, such as when a consumer requests credit, the consumer's permission is not a prerequisite to doing so, nor is the consumer's lack of consent a bar. See <u>Marzluff v. Verizon Wireless</u>, 151 Ohio App. 3d 733, 737, 785 N.E.2d 805, 808 (Ohio Ct. App. 2003) ("So long as a permissible purpose exists, credit information may be obtained without the consumer's consent; a showing of the existence of a permissible purpose is a complete defense.") (citing <u>Edge</u>, 64 F. Supp. 2d at 117); <u>see also</u> <u>Scharpf v. AIG Marketing, Inc.</u>, 242 F. Supp. 2d 455, 463 (W.D. Ky. 2003) (insurer was authorized to access credit report following consumer's request for a quote, although consumer never applied for the insurance offered).

Simply put, the facts alleged by Plaintiff in the Complaint do not support any claim for violation of the FCRA. Rather, they confirm that Defendants acted properly and within their rights. Accordingly, the FCRA claim should be dismissed without leave to amend.

C.   **Plaintiff Does Not And Cannot Allege A Defamation Claim.**

   1.   **Plaintiff Fails To Allege A False, Defamatory Statement And Thus His Defamation Claim Fails As A Matter Of Law.**

Plaintiff does not and cannot plead the fundamental elements of defamation, and his claim therefore fails as a matter of law. A claim for defamation "involves [1] the intentional publication [2] of a statement of fact [3] that is false, [4] unprivileged, and [5] has natural tendency to injure or which causes special damage." Smith v. Maldonado, 72 Cal. App. 4th 637, 645, 85 Cal. Rptr. 2d 397 (1999); Cal. Civ. Code §§ 45, 46.

As an initial matter, it is fundamental that the alleged defamatory matter must be specifically pleaded. "The general rule is that the words constituting an alleged libel must be specifically identified, if not pleaded verbatim, in the complaint." Kahn v. Bower, 232 Cal. App. 3d 1599, 1612 n.5, 284 Cal. Rptr. 244 (1991); Des Granges v. Crall, 27 Cal. App. 313, 315, 149 P. 777 (1915) ("It is not sufficient to merely allege that [defendant] charged the plaintiff with having committed a certain designated crime. The words must be set out in the complaint that the defendant may have notice of the particular charge which [defendant] is required to answer.") (internal quotations and citation omitted); see also Silicon Knights, Inc. v. Crystal Dynamics, Inc., 983 F. Supp. 1303, 1314 (N.D. Cal. 1997) (granting motion to dismiss where plaintiff's Complaint "contain[ed] only general allegations of the defamatory statements and did not identify the substance of what was stated by the Defendants") (quoting Chabra v. S. Monterey County Mem'l Hosp., Inc., Civ. No. C 94-20335 EAI, 1994 WL 564566, * 6 (N.D. Cal. Oct. 3, 1994)). Publication to others also must be pled; "[p]ublication means communication to some third person who understands the defamatory meaning of the statement and its application to the person to whom reference is made." Maldonado, 72 Cal. App. 4th at 645; accord Draper v. Hellman Commercial Trust & Sav. Bank, 203 Cal. 26, 39, 263 P. 240 (1928). "The question whether a statement is reasonably susceptible to a defamatory interpretation is a question of law for the trial court." Maldonado, 72 Cal. App. 4th at 647.

The alleged defamation must be apparent from the language used, either on its face (libel per se), or with the reading of additional facts (libel per quod). See Palm Springs Tennis Club v.

Rangel, 73 Cal. App. 4th 1, 5, 86 Cal. Rptr. 2d 73 (1999) ("If no reasonable reader of a publication could impute to a statement therein a meaning which tended to harm the reputation of the plaintiff in any of the respects enumerated in Civil Code section 45, ... then there is no libel at all."); Monterey Plaza Hotel v. Hotel Employees & Rest. Employees Local 483, 69 Cal. App. 4th 1057, 1065, 82 Cal. Rptr. 2d 10 (1999) ("[i]f the publication so construed is not reasonably susceptible of a defamatory meaning and cannot be reasonably understood in the defamatory sense pleaded, [a] demurrer [is] properly sustained"). As a general rule, statements made in credit reports are not defamatory on their face. See Lyon Furniture Mercantile Agency v. Carrier, 259 F.2d 106, 111-12 (9th Cir. 1958) (false statements published in plaintiff's credit report were not defamatory on their face and therefore not actionable); Pulver v. Avco Financial Services, 182 Cal. App. 3d 622, 638-39, 227 Cal. Rptr. 491 (1986) (defendant's alleged false report to credit reporting agencies regarding plaintiff's failure to pay the debt was not defamatory on its face); Stern v. Credit Bureau of Milwaukee, 105 Wis. 2d 647, 654, 315 N.W.2d 511, 515 (Wis. Ct. App. 1981) ("[u]nless a statement is libelous on its face, its actual effect or damage will not make it so," thus the "erroneous statement by Credit Bureau that a judgment had been entered against [plaintiff], is not libelous on its face and not reasonably capable of a defamatory meaning as a matter of law").

Finally, "[a]n essential element of libel ... is that the publication in question must contain a false statement of fact ....This requirement ... is constitutionally based." Gregory v. McDonnell Douglas Corp., 17 Cal. 3d 596, 600, 131 Cal. Rptr. 641 (1976); O'Connor v. McGraw-Hill, Inc., 159 Cal. App. 3d 478, 485, 206 Cal. Rptr. 33 (1984) (same); Melaleuca, Inc. v. Clark, 66 Cal. App. 4th 1344, 1353, 78 Cal. Rptr. 2d 627 (1998); Moore v. Greene, 431 F.2d 584, 592 (9th Cir. 1970) (actionable libel must be both false and unprivileged); Murray v. Lawrence, 613 F. Supp. 1276, 1282 (N.D. Cal. 1985) (same). Stated differently, "truth is a complete defense to a defamation action regardless of the malice or ill will of the publisher." Francis v. Dun & Bradstreet, 3 Cal. App. 4th 535, 541, 4 Cal. Rptr. 2d 361 (1992) (observing that "[c]redit reports are sometimes unflattering, but they are necessary in modern society" and where plaintiff knew that credit report was true, it was "almost a shame" that credit reporting agency had to defend against lawsuit);

Conkle v. Jeong, 73 F.3d 909, 917 (9th Cir. 1995); Wright v. Southern Mono Hosp. Dist., 631 F. Supp. 1294, 1326 (E.D. Cal. 1986).

Plaintiff's defamation claim here is clearly defective, as Plaintiff does not specifically plead any false or defamatory statement allegedly made by Defendants. Indeed, the only allegations made by Plaintiff are that Defendants accessed his credit report and thereby caused an inquiry to be listed on his credit report. (Compl. ¶¶ 6, 7, 9, 12, 13.) It appears, therefore, that the allegedly defamatory statement about which Plaintiff complains is the listing of the credit report inquiry on his credit report. The obvious defect with this pleading, however, is that Plaintiff contends that such a statement is true – that Defendants did access his credit report. Because Plaintiff alleges that the inquiry actually occurred, the reflection of that inquiry in his credit report simply cannot be false. As a result, Plaintiff does not and cannot satisfy this most basic element of defamation. See Monterey Plaza Hotel, 69 Cal. App. 4th at 1064 ("The sine qua non of recovery for defamation ... is the existence of falsehood.") (quoting Letter Carriers v. Austin, 418 U.S. 264, 283, 94 S. Ct. 2770, 41 L. Ed. 2d 745 (1974)); Franklin v. Dynamic Details, Inc., 116 Cal. App. 4th 375, 383, 10 Cal. Rptr. 3d 429 (2004) (same); see also Gorman v. Wolpoff & Abramson, LLP, 370 F. Supp. 2d 1005, 1010 (N.D. Cal. 2005) (in action against credit card issuer for allegedly reporting false credit information, where plaintiff "fails to give notice of even one particular statement that is false … dismissal of the libel claim is proper").[1] Accordingly, because Plaintiff fails to allege facts establishing that Defendants somehow defamed him, the Complaint should be dismissed in its entirety and without leave to amend.[2]

---

[1] Moreover, Plaintiff nowhere alleges that his credit report containing Defendants' alleged inquiry was distributed to anyone but himself. Plaintiff's failure to allege publication provides additional grounds for dismissing his defamation claim. See Live Oak Publ'g Co. v. Cohagan, 234 Cal. App. 3d 1277, 1284, 286 Cal. Rptr. 198 (1991) ("a libelous statement is not actionable until it has been published to a third person").

[2] In the event Plaintiff claims that his defamation claim is based on the furnishing of credit information by Defendants, the Court should be aware that such claims are preempted by federal law under the FCRA. "Federal law preempts the area of private consumer actions against furnishers of credit information." Lin v. Universal Card Servs. Corp., 238 F. Supp. 2d 1147, 1153 (N.D. Cal. 2002); accord Howard v. Blue Ridge Bank, 371 F. Supp. 2d 1139, 1144 (N.D. Cal. 2005) ("Congress intended the FCRA to preempt state law regarding the duties of furnishers and the remedies available against them …."); Hasvold v. First USA Bank, N.A., 194 F. Supp. 2d 1228, 1239 (D. Wyo. 2002) (FCRA preempts state law defamation claims against furnisher of credit information); Riley v. General Motors Acceptance Corp., 226 F. Supp. 2d 1316, 1322 (S.D. Ala. 2002) (FCRA preempts state law tort claims, including defamation claims). The same is true of any claim brought under California's Consumer Credit

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss the Complaint in its entirety and without leave to amend.

Dated: April 7, 2006

RESPECTFULLY SUBMITTED,

STROOCK & STROOCK & LAVAN LLP
JULIA B. STRICKLAND
ANDREW W. MORITZ
A. R. KACHADOORIAN

By: /s/ A. R. Kachadoorian
A. R. Kachadoorian

Attorneys for Defendants

---

Reporting Agencies Act, Cal. Civ. Code § 1785, et seq. ("CCRAA"). See Lin, 238 F. Supp. 2d at 1153 (holding that claims under CCRAA were either preempted by the FCRA or provided for no private right of action).

Stroock & Stroock & Lavan LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

# PROOF OF SERVICE

STATE OF CALIFORNIA     )
                        ) ss
COUNTY OF SACRAMENTO    )

I am employed in the County of Los Angeles, State of California, over the age of eighteen years, and not a party to the within action. My business address is: 2029 Century Park East, Suite 1800, Los Angeles, California 90067-3086.

On April 7, 2006, I served the foregoing document(s) described as: **DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO RULE 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

<u>In Pro Per</u>

Ronald B. McNearney
3069 Alamo Drive, Suite 115
Vacaville, CA 95687

☐ **(VIA PERSONAL SERVICE)** By causing to be delivered the document(s) listed above to the person(s) at the address(es) set forth above.

☒ **(VIA U.S. MAIL)** In accordance with the regular mailing collection and processing practices of this office, with which I am readily familiar, by means of which mail is deposited with the United States Postal Service at Los Angeles, California that same day in the ordinary course of business, I deposited such sealed envelope, with postage thereon fully prepaid, for collection and mailing on this same date following ordinary business practices, addressed as set forth below.

☐ **(VIA FACSIMILE)** By causing such document to be delivered to the office of the addressee via facsimile.

☐ **(VIA OVERNIGHT DELIVERY)** By causing such envelope to be delivered to the office of the addressee(s) at the address(es) set forth above by overnight delivery via Federal Express or by a similar overnight delivery service.

I declare that I am employed in the office of a member of the bar of this court whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on April 7, 2006, at Los Angeles, California.

Gayle Grace                                 [Signature]
[Type or Print Name]

50320279v1

DEFENDANTS' MOTION TO DISMISS