IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD B. MCNEARNEY,

    Plaintiff,

vs.

CITICORP CREDIT SERVICES, INC.,
dba CITIBANK WEST, CITIBANK CARD,
CITIGROUP and DOES 1-100, inclusive,
    Defendants.

_____/

No. CIV S-06-0576-WBS-PAN (GGH) PS

FINDINGS AND RECOMMENDATIONS

    Defendants removed this action from the Solano County Superior Court on March 17, 2006 and now move to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) on the ground it fails to state a claim upon which relief may be granted.  Defendants' motion, filed April 7, 2006 and amended April 26, 2006, came on regularly for hearing on July 20, 2006. Plaintiff, who proceeds in pro se, did not appear; Andrew W. Moritz appeared on behalf of defendants.

BACKGROUND

    The complaint avers that plaintiff is a real estate investor whose livelihood depends on a high credit rating in order to secure the best interest rates for his investments.  On

1

December 9, 2004, plaintiff requested that defendants accord plaintiff an "'automatic' credit limit increase" and specifically advised defendants "that his credit rating was not to be accessed, because an additional inquiry would lower his credit score." Defendants nonetheless "accessed plaintiff's credit report" causing "an additional inquiry to be reported and as a direct result, substantially lowered plaintiff's credit score."

On February 1, 2005, defendants declined payment on a charge to plaintiff's account for the services of Dr. David Dziachan, D.D.S. Plaintiff alleges the charge was "well within his credit limit for approval" but defendants had "arbitrarily reduced plaintiff's credit limit without proper notification . . . because plaintiff's credit score had lowered because of [defendants'] unauthorized inquiry." Defendants thereafter restored plaintiff's original credit limit.

Plaintiff asserts that as a result of defendants' actions, he "suffered actual economic damages through loss of credit, loss of income and credit at higher interest rates than those he would have received absent the erroneous reporting," and "suffered embarrassment, mental anxiety, emotional suffering, worry, humiliation and mental distress." The complaint alleges causes of action for willful and negligent common law defamation, and violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., and California's Consumer Credit Reporting Agencies Act ("CCRAA") FCRA, Cal. Civ. Code § 1785 et seq. Plaintiff seeks compensatory and punitive damages, in addition to the fees and costs of suit.

LEGAL STANDARD FOR MOTION TO DISMISS

A complaint should not be dismissed under Rule 12(b)(6) unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claims which would entitle him to relief. NOW, Inc. v. Schiedler, 510 U.S. 249, 256, 114 S. Ct. 798, 803 (1994); Cervantes v. City of San Diego, 5 F.3d 1273, 1274-75 (9th Cir. 1993). Dismissal may be based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

The complaint's factual allegations are accepted as true. Church of Scientology of California v. Flynn, 744 F.2d 694 (9th Cir.1984). The court construes the pleading in the light most favorable to plaintiff and resolves all doubts in plaintiff's favor. Parks School of Business, Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir.1995). General allegations are presumed to include specific facts necessary to support the claim. NOW, 510 U.S. at 256, 114 S. Ct. at 803, quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S. Ct. 2130, 2137 (1992).

The court may disregard allegations contradicted by the complaint's attached exhibits. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987); Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1295 (9th Cir.1998). Furthermore, the court is not required to accept as true allegations contradicted by judicially noticed facts. Mullis v. United States Bankruptcy Ct., 828 F.2d 1385, 1388 (9th Cir. 1987). The court may, however, consider matters of public record, including pleadings, orders, and other papers filed with the court. Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986), abrogated on other grounds by Astoria Federal Savings and Loan Ass'n v. Solimino, 501 U.S. 104, 111 S. Ct. 2166 (1991). "The court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." Clegg v. Cult Awareness Network, 18 F.3d 752 (9th Cir. 1994). Neither need the court accept unreasonable inferences, or unwarranted deductions of fact. See Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

However, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 595-96 (1972). Unless it is clear that no amendment can cure its defects, a pro se litigant is entitled to notice and an opportunity to amend the complaint before dismissal. See Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir.2000) (en banc); Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

////

////

ANALYSIS

      A.  FCRA

Defendants contend plaintiff cannot state a claim under the FCRA (nor, implicitly, the CCRAA[1]) because the parties' business relationship renders defendants' inquiry into plaintiff's credit status a permissible purpose under 15 U.S.C. § 1681b (a)(3).

The FCRA authorizes consumer reporting agencies to furnish a consumer's credit report to any person the agency reasonably believes intends to use the information in connection with a credit transaction of the consumer, 15 U.S.C. § 1681b(a)(3)(A), or for another legitimate business purpose, including the review of an existing account, 15 U.S.C. § 1681b (a)(3)(F).[2] Permissible purposes include a lender's periodic review of a credit card customer's credit report. See, e.g., Trikas v. Universal Card Services Corp., 351 F. Supp. 2d 37, 42 (E.D.N.Y. 2005) (bank's periodic requests for credit card customer's credit report is a permissable purpose under 15 U.S.C. § 1681b(a)(3)(A)); Kennedy v. Victoria's Secret Stores,

---

[1] "The CCRAA mirrors the provisions of the FCRA." Guimond v. Trans Union Credit Information Co., 45 F.3d 1329, 1335 (9th Cir. 1995).

[2] 15 U.S.C. § 1681b (a)(3) ("Permissible purposes of consumer reports") provides in pertinent part:

**(a)** In general.  Subject to subsection (c) of this section ["Furnishing reports in connection with credit or insurance transactions that are not initiated by the consumer"], any consumer reporting agency may furnish a consumer report under the following circumstances and no other:

. . . **(3)** To a person which it has reason to believe-

    (**A**)  intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer. . . .

    (**F**)  otherwise has a legitimate business need for the information --

        (**i**)  in connection with a business transaction that is initiated by the consumer; or

        (**ii**)  to review an account to determine whether the consumer continues to meet the terms of the account.

1  Inc., 2004 WL 2186613 (E.D.La. 2004) (defendants permissibly obtained plaintiff's credit report
2  for the purpose of using the information to extend credit or to review or collect on an account,
3  pursuant to 15 U.S.C. § 1681b(a)(3)(A)); Baker v. American Express Travel Related, 2002 WL
4  1205065 (W.D. Ky. 2002) (defendant's extension of credit to plaintiff authorized defendant's
5  access to plaintiff's credit report under 15 U.S.C. § 1681b(a)(3)(A)).

These authorities support defendants' assertion they possessed the right to access plaintiff's credit status regardless whether plaintiff requested a credit limit increase or advised defendants not to make such an inquiry. Plaintiff has failed to provide more than the most general argument in opposition.[3] I find, therefore, that the complaint fails to state a claim under the FCRA and CCRAA.

B. Defamation

Defendants contend that plaintiff cannot state a claim for defamation because he has failed to allege a defamatory statement or action.

"Defamation is an invasion of the interest in reputation. The tort involves the intentional publication of a statement of fact that is false, unprivileged, and has a natural tendency to injure or which causes special damage. (Civ. Code, §§ 45, 46; 5 Witkin, Summary of Cal. Law (9th ed. 1988) Torts § 471, pp. 557-558.) Publication means communication to

---

[3] Plaintiff's only "substantive" response to defendants' motion provides in full (Opposition, at p. 2):

> The defendants' Motion to Dismiss can only be described as a "shotgun" approach in challenging the FCRA. Thus, defendants make a variety of arguments in the apparent hope of stumbling upon a constitutionally problematic provision. Some of these arguments constitute facial challenges to the regulations, while other are objections to those portions of the regulations applied to them. [¶] Under Federal Rule 12(b)(6), the Court must deny the Defendants' motion to dismiss unless the defendants demonstrate 'beyond doubt that they can prove no set of facts in support of [its] claim that would entitled [it] to relief." *Flood v. New Hanover County*, 125 F. 3d 249, 251 (4th Cir. 1997). In making this determination, the Court must also accept the factual allegations in Plaintiff's complaint and must construe those facts in the light more favorable to Plaintiff. In sum, the defendants' motion cannot survive those standards.

some third person who understands the defamatory meaning of the statement and its application to the person to whom reference is made.  Publication need not be to the 'public' at large; communication to a single individual is sufficient. (*Cunningham v. Simpson* (1969) 1 Cal.3d 301, 306 [81 Cal.Rptr. 855, 461 P.2d 39]; 5 Witkin, Summary of Cal. Law, *supra*, Torts, §§ 471, 476, pp. 557- 558, 560-561.)  Reprinting or recirculating a libelous writing has the same effect as an original publication. (*Gilman v. McClatchy* (1896) 111 Cal. 606, 612 [44 P. 241]; Rest.2d Torts, §§ 576, 578; 5 Witkin, Summary of Cal. Law, *supra,* Torts, § 478, pp. 562-563.)." Smith v. Maldonado, 72 Cal. App. 4th 637, 645, 85 Cal. Rptr. 397 (1st Dist. 1999) (fn. omitted).

Due to the generalities of plaintiff's complaint, defendants base their argument on the assumption that their allegedly defamatory statement must be "the listing of [defendants'] credit report inquiry on [plaintiff's] credit report."  Defendants argue persuasively that this cannot form the basis of a defamation claim because the listing is accurate – there is no falsity.  The same is true if the alleged defamation was defendants' denial of payment to Dr. Dziachan, wherein defendants conceded the error, made the payment and restored plaintiff's higher credit limit.  Cf., Stern v. Credit Bureau of Milwaukee, 105 Wis.2d 647, 654, 315 N.W.2d 511, 515 (Wis.App.1981) (erroneous statement by credit bureau that civil judgment had been awarded against plaintiff, resulting in temporary denial of credit card to plaintiff, was "not libelous on its face and not reasonably capable of a defamatory meaning as a matter of law").

Neither the complaint nor plaintiff's opposition to the instant motion clarify plaintiff's defamation claim.  Bare contentions, unsupported by explanation or authority, are deemed waived. See FDIC v. Garner, 126 F.3d 1138, 1145 (9th Cir. 1997) (claim waived when no case law or argument in support is presented); Seattle School Dist., No. 1 v. B.S., 82 F.3d 1493, 1502 (9th Cir. 1996) (party who presents no explanation in support of claim of error waives issue); see also Pelfresne v. Village of Williams Bay, 917 F.2d 1017, 1023 (7th Cir.1990); ("A litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority . . . forfeits the point.  We will not

do his research for him."); Johnson v. Indopco, 887 F. Supp. 1092, 1096 (N.D. Ill. 1995) (finding argument unsupported by relevant authority, or by demonstration of why it is a good argument despite lack of authority, constitutes mere assertion not meriting court's attention).

CONCLUSION

The complaint fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). Moreover, plaintiff has failed to set forth any substantive rationale for granting leave to file an amended complaint. Fed. R. Civ. P. 15(a). To do so would be both futile and unduly prejudicial to defendants. Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962).

RECOMMENDATION

Accordingly, for the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss, filed April 7, 2006 and amended April 26, 2006, should be granted and plaintiff's complaint dismissed with prejudice; and

2. Defendants' May 26, 2006 motion to strike plaintiff's May 16, 2006 "First Joint Status Report" should be denied as moot.

These findings and recommendations are submitted to the Honorable William B. Shubb, the United States District Judge assigned to this case. 28 U.S.C. § 636(b)(l). Written objections may be filed within ten days after being served with these findings and recommendations. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 7/25/06

/s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
U. S. MAGISTRATE JUDGE

NOW6: McNEARNEY. Mtn Dism